Supreme Court—Margolis v. Pinnas.

---

MORRIS MARGOLIS AND HYMAN M. MARGOLIS, PLAINT-IFFS-RESPONDENTS, v. MAX PINNAS AND SAM PINNAS, PARTNERS, TRADING AS PINNAS & PINNAS, DEFENDANTS-APPELLANTS.

Submitted December 8, 1922—Decided. February 28, 1923.

**Contracts—False Representations—Evidence of Fraud by Plaintiff.**

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellants, *Harry Levin.*

For the respondents, *Benjamin M. Weinberg.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiffs, entered upon the verdict of a jury at the Essex Circuit, in an action to recover $800, alleged to have been obtained by false representations.

The plaintiffs and one Lachenauer entered into a written contract whereby plaintiffs were to purchase certain real estate. Plaintiffs found that they needed $10,000 in cash to carry through the purchase. Plaintiffs' testimony was that they were induced to enter into a contract to pay, and did pay the defendants $800 by reason of defendants' fraudulent rep-

resentations that the $800 which plaintiffs were to pay defendants was to be given by them as a bonus to the person whom they were to induce to furnish the money on a second mortgage, when as a matter of fact, Lachenauer, the vendor, whose agents the defendants were, was willing to and did take the second mortgage without exacting any bonus.

The defence was a denial of fraud, and an insistence that the contract was as it was written, namely, that the $800 was in payment for defendants' services in getting the mortgage.

The first point (which does not seem to be supported by any proper assignment of error) is that the plaintiff was permitted to testify as to matters covered by the written agreement, and to prove certain oral statements made by the defendants at the time the written contract was made, tending to show fraud.

We think that since the action was to recover money paid pursuant to a contract obtained by fraudulent representations, it was open to the plaintiffs to put in this proof. The rule is, as stated in 2 *Jones Evi.* 547, that "for the purpose of proving the fraud, verbal statements which are material and fraudulent, although made before or at the time of the written agreement, may be proved."

The next point argued is that the court erred in refusing to nonsuit. We think not. We think that the evidence of the plaintiff tended to show that the money was obtained by a false representation that it was to be used for a purpose which it was not used for and not intended to be used for. The fact that there was evidence to the contrary is no reason for a nonsuit.

The next point argued is that the court erroneously permitted the plaintiff to be asked the following question: "Well, in this particular case then, was the word 'service' put in to cover up the word bonus?"

That particular question was not answered, and the next question along the same line was answered in the negative, so that we think, if erroneous, it was harmless.

The judgment will be affirmed, with costs.